DCN: E964E9C734574BF46D557155C3ACDAD6

# PROMISSORY NOTE – General

DATE OF NOTE: 02/15/2024

| DEBTOR'S NAME(S) AND ADDRESS | LENDER'S NAME AND ADDRESS |
|---|---|
| Jerry Lee Livingston Jr<br>23778 S Mitchell LN<br>Fort Gibson, OK 74434 | Carson Community Bank<br>P O Box 512<br>Stilwell, OK 74960<br>(918) 696-7745 |

| NOTE NUMBER | MATURITY DATE | PRINCIPAL AMOUNT | CUSTOMER NUMBER | LOAN OFFICER | ☐ ACTUAL/360  ☐ 30/360 |
|---|---|---|---|---|---|
| 1241971 | 02/15/2025 | $ 35,170.00 | | MH | ☒ ACTUAL/365 |

☒ FIXED INTEREST RATE PER ANNUM: 8.9900 %
☐ VARIABLE RATE INDEX
PRESENT INDEX RATE _____ %
MARGIN OVER/UNDER INDEX _____ %
INITIAL PER ANNUM RATE _____ %
VARIABLE RATE INDEX
MAXIMUM PER ANNUM INTEREST RATE CHANGE _____ %
MINIMUM INTEREST RATE _____ %
MAXIMUM INTEREST RATE _____ %

☒ NEW LOAN
☐ RENEWAL OF LOAN NUMBER(S)
☒ FULLY ADVANCED   ☐ MULTIPLE ADVANCES   ☐ REVOLVING CREDIT

PURPOSE OF LOAN: Commercial: Working Capital

COLLATERAL DESCRIPTION: See Attached Property Description Addendum

**PAYMENT TERMS:**
This loan is due on demand or in absence of demand, payable as described below.

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | DATE OF PAYMENTS |
|---|---|---|
| 1 | $38,340.45 | at maturity 02/15/2025. |

**PROMISE TO PAY.** For value received, the undersigned Debtor, whether one or more, and jointly and severally if more than one, agrees to the terms of this Note and promises to pay to the order of the Lender named above at its place of business as indicated in this Note or such other place as may be designated in writing by Lender, the Principal Amount of this Note and any accrued and unpaid Finance Charges, together with interest on the unpaid Principal Amount until Maturity at the per annum interest rate(s) stated above and according to the payment terms stated above. Depending on the box checked above, interest on this Note is calculated either on the assumption that every year has 360 days and every month has 30 days (30/360) or on the actual number of days elapsed on a basis of a 360 day year (Actual/360) or a 365 day year (Actual/365). For purposes of computing interest and determining the date principal and interest payments are received, all payments will be deemed made only when received in collected funds. Payments are applied first to accrued and unpaid interest and other charges, and then to payment of the unpaid principal balance. In this Note, "Debtor" includes any party liable under this Note, including endorsers, co-makers, guarantors and otherwise, and "Lender" includes all subsequent holders.

**VARIABLE RATE.** If this is a Variable Rate transaction as indicated above, the interest rate shall vary from time to time with changes (whether increases or decreases) in the Index Rate shown above. The interest rate on this Note will be the Index Rate plus a Margin, if any, as indicated above. Each change will become effective as indicated below. If the Index Rate is Lender's base or prime rate, it is determined by Lender in its sole discretion, primarily on a basis of its cost of funds, is not necessarily the lowest rate Lender is charging its customers, and is not necessarily a published rate.

☐ Each change will become effective on the same date the Index Rate changes.
☐ Effective date of rate change: _____ and on the same day _____ thereafter.

**LATE PAYMENTS.** When permitted by law, any principal and/or interest amount not paid within __10__ calendar days after the due date will be assessed 5% of the unpaid payment amount or $50.00, whichever is greater.
After the maturity date, Lender may at its sole discretion accrue interest on the unpaid balance ☐ at the same interest rate and method effective before maturity ☒ at a rate equal to Current + 3.00% ("Default Rate"). In no event shall the interest rate and related charges either before or after maturity be greater than permitted by law.

**ALL PARTIES PRINCIPALS.** All Debtors shall each be regarded as a principal and each Debtor agrees that any party to this Note, with Lender's approval and without notice to any other party, may from time to time renew this Note or consent to one or more extensions or deferrals of the Maturity Date for any term(s) or to any other modification(s) and all Debtors shall be liable in same manner as on the original note.

**ADVANCES AND PAYMENTS.** If the Fully Advanced box is checked, then the Debtor acknowledges that the entire Principal Amount has been advanced to the Debtor or for Debtor's account or benefit. For Multiple Advances or Revolving Credit, unless otherwise agreed in writing, Lender has not made a commitment to make any advances and has sole discretion to make, or not make, each advance under this Note. If the Multiple Advances box is checked, then the Debtor understands that the Lender will disburse the proceeds of this Note in increments, up to the Principal Amount, but that even if the Debtor prepays, the Debtor has no right to reborrow any amounts disbursed. The balance that the Debtor owes under this Note is the aggregate of all such disbursements, less any payments of principal made on this Note. Interest will accrue only on the actual amount of principal disbursed and outstanding from time to time. If the Revolving Credit box is checked, then the Debtor understands that the Lender will disburse the proceeds of this Note in increments up to the Principal Amount and that the remaining terms of this paragraph shall apply to this Note. The balance that the Debtor owes under this Note is the aggregate of all such disbursements, less any payments of principal made on this Note. The Debtor understands that the maximum amount of all such advances outstanding at any one time cannot exceed the Principal Amount, but that the Debtor may repay and reborrow up to the Principal Amount during the term of this Note. If the aggregate outstanding amount advanced under this Note ever exceeds the Principal Amount, then the Debtor will repay the excess upon demand, plus interest on the excess. There may be times when no principal is outstanding on this Note, but this Note and any collateral securing this Note remain valid and effective as to future advances under this Note. Any loans or advances the Lender makes to the Debtor or for the Debtor's account or benefit are presumed to be made under the terms of this Note. The Lender may make advances under this Note at the oral or written request of any person designated or authorized by the Debtor until the Debtor revokes such designation or authorization in writing received by the Lender, provided that the Lender has the right, but is not obligated, to require written authorization from the Debtor prior to honoring any oral request. Interest will accrue only on the actual amount of principal disbursed and outstanding from to time.

**PREPAYMENT.** Debtor shall have the right to prepay all or any part of the principal due under this Note at any time, subject to the following conditions: (a) all interest must be paid through the date of any prepayment; (b) if this Note provides for monthly or other periodic payments, there will be no changes in the due dates or amounts following any partial prepayments unless Lender agrees to such changes in writing; and (c) upon prepayment, in whole or in part, Lender may charge and Debtor agrees to pay a fee or premium calculated as follows (this fee/premium provision will not apply if prohibited by applicable law):

**COLLATERAL.** This Note and all other obligations of Debtor to Lender, including renewals and extensions, are secured by all collateral securing this Note and by all other security interests and mortgages previously or later granted to Lender and by all money, deposits and other property owned by any Debtor and in Lender's possession or control.

| LENDER'S SIGNATURE(S) | DEBTOR(S) SIGNATURE(S) |
|---|---|
| By: *[signed]* Matt Hendrix, EVP/Cherokee Co Mkt President | *[signed]* Jerry Lee Livingston Jr |
| By: | |
| (Lender signatures optional) | |

Form 763

ADDITIONAL PROVISIONS ON REVERSE SIDE

© Copyright 08/2020 American Bank Systems, Inc.

DEBTOR EXPRESSLY AGREES:  DCN: E964E9C734574BF46D557155C3ACDAD6

## ADDITIONAL PROVISIONS

ACCELERATION. At option of Lender, the unpaid balance of this Note and all other obligations of Debtor to Lender, whether direct or indirect, absolute or contingent, now existing or later arising, shall become immediately due and payable without notice or demand, upon or after the occurrence or existence of any of the following events or conditions: (a) any payment required by this Note or by any other note or obligation of Debtor to Lender or to others is not made when due, or any event or condition occurs or exists which results in acceleration of the maturity of any Debtor's obligation to Lender or to others under any promissory note, agreement or undertaking; (b) Debtor defaults in performing any covenant, obligation, warranty or provision contained in any loan agreement or in any instrument or document securing or relating to this Note or any other note or obligation of Debtor to Lender or to others; (c) any warranty, representation, financial information or statement made or furnished to Lender by or on behalf of Debtor proves to have been false in any material respect when made or furnished; (d) any levy, seizure, garnishment or attachment is made against any asset of any Debtor; (e) Lender determines, at any time and in Lender's sole discretion, that the prospect of payment of this Note is impaired; (f) whenever, in Lender's sole judgment, the collateral for the debt evidenced by this Note becomes unsatisfactory or insufficient either in character or value and, upon request, Debtor fails to provide additional collateral as required by Lender; (g) all or any part of the collateral for the debt evidenced by this Note is lost, stolen, substantially damaged or destroyed; (h) any Debtor dies or becomes incompetent, insolvent, dissolves, changes ownership or senior management, or terminates their existence; or (i) a receiver is appointed over all or part of any Debtor's property, or any Debtor makes an assignment for the benefit of creditors, files for relief under any bankruptcy or insolvency laws, or becomes subject to an involuntary proceeding under such laws. Upon the occurrence of any event described above, Lender may, at its option and with or without accelerating the Note, increase the Interest Rate on this Note to the Default Rate provided herein.

RIGHT OF OFFSET. Except as otherwise restricted by law, any indebtedness due from Lender to Debtor, including, without limitation, any deposits or credit balances due from Lender, is pledged to secure payment of this Note and any other obligation to Lender of Debtor, and may at any time while the whole or any part of such obligation(s) remain(s) unpaid, either before or after maturity of this Note, be set off, appropriated, held or applied toward the payment of this Note or any other obligation to Lender by any Debtor.

ADDITIONAL PROVISIONS. (1) Debtor agrees, if requested, to furnish to Lender copies of income tax returns as well as balance sheets and income statements for each fiscal year following Date of Note and at more frequent intervals as Lender may require. (2) No waiver by Lender of any payment or other right under this Note or any related agreement or documentation shall operate as a waiver of any other payment or right. All Debtors waive presentment, notice of acceleration, notice of dishonor and protest and consent to substitutions, releases and failure to perfect as to collateral and to additions or releases of any Debtor. (3) This Note and the obligations evidenced by it are to be construed and governed by the laws of the state indicated in Lender's address shown in this Note. (4) All Debtors agree to pay costs of collection, including, as allowed by law, an attorney's fee equal to a minimum of 15% of all sums due upon default or such other maximum fee as allowed by law. (5) All parties signing below acknowledge receiving a completed copy of this Note and related documents, which contain the complete and entire agreement between Lender and any party liable for payment under this Note. No variation, condition, modification, change or amendment to this Note or related documents shall be binding unless in writing and signed by all parties. No legal relationship is created by the execution of this Note and related documents except that of debtor and creditor or as stated in writing.

## SUPPLEMENTAL TERM OF PROVISIONS:

© Copyright 08/2020 American Bank Systems, Inc.

Form 763

# Property Description Addendum
## to Note: Commercial

| Borrower | Institution |
|---|---|
| Jerry Lee Livingston Jr<br>23778 S Mitchell LN<br>Fort Gibson, OK 74434 | Carson Community Bank<br>P O Box 512<br>Stilwell, OK 74960<br>(918) 696-7745 |

Loan Number <u>1241971</u>    Loan Date <u>02/15/2024</u>

### Secured Property Description

Assignment of Contracts wtih Williams Contracting, Locust Grove Public Schools MS Shelter & Admin Addition dated 09-26-2023, and McIntosh County Courthouse Renovation dated 08-14-2023

Accounts: All rights to payment, whether or not earned by performance, including, but not limited to, payment for property or services sold, leased, rented, licensed, or assigned. This includes any rights and interests (including all liens) which Debtor may have by law or agreement against any account debtor or obligor of Debtor.

_____    _____
Signature                     Signature
Jerry Lee Livingston Jr

DCN: 2E1B4309C01CEB123743903BAA1596DA

# SECURITY AGREEMENT/COLLATERAL AMENDMENT

DATE 11/05/2024

| DEBTOR'S NAME(S) AND ADDRESS | SECURED PARTY'S NAME AND ADDRESS |
|---|---|
| Jerry Lee Livingston Jr<br>23778 S Mitchell LN<br>Fort Gibson, OK 74434 | Carson Community Bank<br>P O Box 512<br>Stilwell, OK 74960<br>(918) 696-7745 |

This Amendment Agreement modifies the existing Security Agreement dated 02/15/2024 ("Security Agreement") between Debtor and Secured Party. Except as modified herein, terms defined in the Security Agreement shall have the same meaning in this Amendment Agreement.

The Security Agreement is amended as follows (*Check applicable boxes*):

☐ RELEASE COLLATERAL. The Security Agreement is amended to release the following collateral:

☒ ADD COLLATERAL. The Security Agreement is amended to add the collateral, and Debtor hereby assigns and grants to Secured Party a security interest in the collateral, described below to secure the payment of the Indebtedness and performance of all of Debtor's obligations and agreements in the Security Agreement or other documents evidencing the Indebtedness:

All equipment of whatever kind or nature, including but not limited to, One (1) 102X24 East Texas Trailers Equipment Hauler Vin:58SBM2424NE027541 plus all parts, improvements, equipment, proceeds thereof, wherever located, now owned or hereafter acquired, and all returns, repossessions, exchanges, substitutions, replacements, attachments, parts, accessories, and accessions thereto and thereof and all proceeds thereof, (whether in the forms of cash, instruments, chattel paper, general intangibles, accounts or otherwise).

☐ OTHER AMENDMENTS. The parties agree to the amendments to the Security Agreement set forth below:

The parties agree to the amendment(s) as of the first date referenced above. Except as modified by this Amendment Agreement, all terms, conditions, representations, warranties, covenants, and other provisions of the Security Agreement shall remain in full force and effect.

**DEBTOR'S SIGNATURE(S)**

*/s/ Jerry Lee Livingston Jr*

---

FORM COLLAMEND

©Copyright 08/19 *American Bank Systems, Inc.*

DCN: 2906FB11119BC87D226C0DB4293BB03B

# AMENDMENT TO NOTE

| DATE OF AGREEMENT |
|---|
| 11/05/2024 |

| DEBTOR'S NAME(S) | LENDER'S NAME |
|---|---|
| Jerry Lee Livingston Jr | Carson Community Bank |

| DEBTOR'S ADDRESS | LENDER'S ADDRESS |
|---|---|
| 23778 S Mitchell LN<br>Fort Gibson, OK 74434 | P O Box 512<br>Stilwell, OK 74960 |

*THIS AMENDMENT TO NOTE* (This "Amendment") is given to the above named Lender by the above named Debtor as an amendment to the promissory note as described below.

| Note Number | Date of Note | Maturity Date | Loan Amount | Initial Interest Rate | Officer |
|---|---|---|---|---|---|
| 1241971 | 02/15/2024 | 02/15/2025 | $ 35,170.00 | 8.9900 | MH |

## RECITALS

1. The Debtor and Lender have agreed to certain amendments to the Note; and

2. The Note is: ☐ Unsecured   ☒ Secured by the following property (the "Property"):
All equipment of whatever kind or nature, including but not limited to, One (1) 102X24 East Texas Trailers Equipment Hauler Vin:58SBM2424NE027541plus all parts, improvements, equipment, proceeds thereof, wherever located, now owned or hereafter acquired, and all returns, repossessions, exchanges, substitutions, replacements, attachments, parts, accessories, and accessions thereto and thereof and all proceeds thereof, (whether in the forms of cash, instruments, chattel paper, general intangibles, accounts or otherwise).
Assignment of Contracts wtih Williams Contracting, Locust Grove Public Schools MS Shelter & Admin Addition dated 09-26-2023, and McIntosh County Courthouse Renovation dated 08-14-2023
Accounts: All rights to payment, whether or not earned by performance, including, but not limited to, payment for property or services sold, leased, rented, licensed, or assigned. This includes any rights and interests (including all liens) which Debtor may have by law or agreement against any account debtor or obligor of Debtor.

## AMENDMENT(S)

In consideration of the mutual covenants and agreements contained in this Amendment, and for other good and valuable consideration, the receipt and sufficiency of which are acknowledged, Lender and Debtor agree as follows:

1. <u>Amendments</u>. The Debtor and Lender hereby amend the Note as follows:
This loan is hereby amended as follows: The loan amount is increased to $36,093.06 for the purpose of advancing $5,000.00 to Jerry L Livingston Jr The payment amount, shall remain a single payment of all principal and interest due on February 15, 2025 .
IT IS expressly understood and agreed that in every other respect each and every provision of the said note and of the security agreement above mentioned shall be and remain in full force and effect, and said security agreement shall continue to secure the payment of said promissory note as herein amended.

2. <u>Continued Validity of the Note and Security Instrument</u>. This Amendment is an amendment to the Note and the indebtedness of the Debtor evidenced by the Note is a continuing and valid indebtedness of the Debtor to the Lender. Except as amended in this Amendment, all provisions of the Note remain in full force and effect. Except as expressly provided in this Amendment, nothing contained in this Amendment shall be interpreted to mean that any portion of the unpaid outstanding balance of the Note is paid and nothing contained in this Amendment shall be interpreted to release or terminate the security interest of the Security Instrument or any other mortgage, security interest or other encumbrance securing payment of the Note.

| LENDER'S SIGNATURE | DEBTOR(S) SIGNATURE(S) |
|---|---|
| By: /s/ Matt Hendrix<br>Matt Hendrix, EVP/Cherokee Co Mkt President | All terms of this Amendment are agreed to by the undersigned.<br>/s/ Jerry Lee Livingston Jr<br>Jerry Lee Livingston Jr |